# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET LOPEZ, | 1:10-cv-01012 OWW GSA |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## **BACKGROUND**

Plaintiff Margaret Lopez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability insurance benefits pursuant to Title II of the Social Security Act and Supplemental Income disability benefits pursuant to Title XIV. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Magistrate Judge Gary S. Austin for findings and recommendations to the District Court.[1]

---

[1] Defendant consented to this Court's jurisdiction on June 28, 2010. (Doc. 14). However, on June 21, 2011, Plaintiff declined to consent. (Doc. 13). Accordingly, this case is submitted to the District Court Judge on these Findings and Recommendations.

1

# FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff filed concurrent applications for Title II Social Security Disability Insurance Benefits and Title XVI Supplemental Security Income Disability Benefits on April 13, 2001, alleging disability beginning October 2000. AR 52, 77. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 49-51. ALJ Lyons held a hearing and on May 15, 2003, and issued an order denying benefits finding Plaintiff was not disabled. AR 52-57. Plaintiff did not appeal this decision so the decision became final on May 15, 2003. 20 C.F.R. §§ 404.955 and 404.987.

Plaintiff applied for Security Disability Insurance Benefits and Title XVI Supplemental Security Income Disability Benefits a second time on December 8, 2004, alleging disability beginning January 17, 2003. AR 98-100. Plaintiff's applications were denied initially and on reconsideration. AR 63, 70, 75. Plaintiff requested a hearing before an ALJ. AR 77. ALJ John Wojciechowski held a hearing on June 25, 2008, and issued a decision denying benefits on August 7, 2008. AR 15-22.

**Hearing Testimony**

ALJ Wojciechowski held a video hearing in Phoenix, Arizona, on June 25, 2008. Plaintiff personally appeared in Fresno, California, and was assisted by attorney Sengthiene Bosavanh. Vocational Expert ("VE") Ms. Cheryl Chandler also testified. AR 23-46.

Plaintiff was sixty-one years old at the time of the hearing. AR 29. She is a widow and lives with her nineteen year old grandson. AR 23. She currently receives her husband's social security benefits and a Veteran's pension as income. AR 30. She completed the eighth grade. AR 30. She is able to read and write but she cannot spell very well. AR 30. She does not have a driver's license. AR 30.

Plaintiff last worked in 2000 as a cashier. AR 31. She stopped working at that time because she fell at work and broke her wrist in October 2000. Although the wrist healed, she still suffers from pain. AR 31.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff has received medical treatment in University Medical Center in Fresno, California since 2006 for bulging discs in her back. AR 33. Plaintiff has not received any treatments for pain because she is unable to afford it. AR 33. She takes Ibuprofen and Ben Gay to treat her symptoms. She also uses a heating pad at night on her back. AR 38.

In addition to back pain, Plaintiff suffers from neuropathy and arthritis in her arms, wrists, and both of her hands. She also has fibromayalgia, as well as a torn ligament in her left shoulder. AR 36-37. Plaintiff never received treatment for the torn ligament due to the expense of medical care. AR 37. As a result of these ailments, Plaintiff is only able to lift five pounds at a time and she is unable to grasp objects. AR 37-38.

Plaintiff does not go out often because she does not know how to drive. AR 34. She goes to the grocery store about once every two weeks. AR 34 When doing so, she either gets a ride from a friend or takes the bus. AR 34. She is unable to do any housework due to pain in her knees and lower back. AR 34. Plaintiff is on her feet about four hours a day while she is at home. AR 35. She lies down about for fifteen or twenty minutes, five times a day. AR 42. She is unable to sit for long periods due to pain. AR 36. However, she sits with her legs elevated for fifteen to twenty minutes, six or seven times at day. AR 43.

VE Cheryl Chandler characterized Plaintif's past work as a cashier as SVP[3] of 3, semi-skilled and light. AR 41. The VE also testified that Plaintiff had no other transferable skills and the cashier job was the only job listed. AR 41.

The VE was asked to consider a hypothetical worker of Plaintiff's age, education and work history who could lift twenty pounds occasionally and ten pounds regularly, who could stand, sit, and walk for six hours in an eight-hour work day, and who could perform above the shoulder reaching occasionally. AR 34, 44. The VE indicated such an individual could not perform Plaintiff's past relevant work as performed. AR 34. However, there are 114,900 cashiering jobs at the unskilled light level in California that Plaintiff could perform. AR 42.

---

[3] "SVP" refers to specific vocational preparation.

Plaintiff's attorney asked the VE to consider the above hypothetical with the additional restrictions of limited lifting with the left hand to five pounds, as well as permitting the worker to lie down approximately five times a day, and allowing her to elevate her feet six times per day. AR. 43-44. The VE indicated that this worker would be unable to perform any past relevant work.

**Medical Record**

The entire medical record was reviewed by this Court.  A summary of the relevant medical records are set forth below.

*University Medical Center Records*

Between March 2003 and November 2004, Plaintiff was seen several times at the University Medical Center for complaints of depression, low back pain, degenerative joint disease, and fibromyalgia.  AR 169-176.  On April 4, 2005, a physician's note was written and references an MRI revealing a rotator cuff tear.  AR 219.  The plan was to refer Plaintiff for surgery. AR 219.  Plaintiff was also referred for physical therapy and was assessed with multiple pain complaints, degenerative disc disease with joint dysfunction, and soft tissue involvement. AR 226.  From March 28, 2005 until May 5, 2005, Plaintiff attended nine out of ten physical therapy sessions for treatment of neck and left shoulder pain, bilateral knee pain, and low back pain. AR 221-38.  At the end of her sessions, she was referred back to her doctor for reassessment secondary to lack of progress. AR 221.

*Dr. Rustom Damania*

On April 19, 2005, Plaintiff was evaluated by Rustom Damania, M.D., a state agency physician.  AR 179-184.  The examination revealed normal joints in the upper and lower extremities except for the left shoulder, wrist, and knee. AR 181.  Dr. Damania reviewed medical records which he noted indicated the following:

> MRI of the left shoulder done 3/30/05 suggests a high grade probability f[ull]-thickness tear at the distal anterior aspect of the supraspinatus tendon measuring approximately 1 cm in the anterior posterior and medial lateral dimension. No definite labral tear is appreciated although a small tear would be difficult to exclude entirely. Mild AC joint arthrosis.
> AR 182.

Dr. Damania opined Plaintiff should be able to lift 20 pounds occasionally and 10 pounds frequently and may be able to lift more with her right shoulder. He also indicated that Plaintiff would have no difficulty sitting during a normal day with normal breaks. There were no restrictions on standing and walking. Dr. Damania did note however, that Plaintiff would have difficulty lifting heavy objects above her left shoulder. No assistive devices for ambulation were required and no postural limitations on bending, stooping, or crouching were imposed. AR 183.

*Dr. Shireen Damania*

On April 19, 2005, Shireen Damania, M.D., a state agency psychiatrist preformed a psychiatric evaluation. AR 185-189. Dr. Damania diagnosed Plaintiff with Depressive Disorder, not otherwise specified and assigned a Global Assessment of Functioning score of 55.[4] AR 188. No difficulties were noted in memory, concentration, persistence, and pace. AR 189. There was also no evidence of any emotional lability or deterioration. AR 189. Dr. Damania opined that Plaintiff is able to respond appropriately to coworkers, supervisors, and the public. AR 189. Although Plaintiff suffers from chronic pain, there were no limitations as a result of a personality disorder. AR 189.

*State Agency Psychiatric Opinions*

After reviewing Dr. Damania's psychiatric report, state agency psychiatrists, Evelyn Aquino-Caro, M.D., and Archimedes Garcia, M.D., completed mental functional capacity assessments dated May 20, 2005 and January 27, 2006, respectively. AR 200-214. They both opined that Plaintiff suffered from mild limitations in restrictions of daily living, social functioning, concentration, persistence, and pace. AR 210. They also found that Plaintiff had moderate limitations in the ability to carry out detailed instructions, and the ability to understand and remember detailed instructions. AR 212. However, they concluded that Plaintiff can sustain simple repetitive tasks with adequate pace and persistence and that Plaintiff could relate

---

[4] The Global Assessment of Functioning or "GAF" scale reflects a clinician's assessment of the individual's overall level of functioning. *American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders* 30 (4th ed. 2000) ("DSM IV"). A GAF between 51 and 60 indicates "[moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or co-workers). DSM- IV at 34.

to co-workers and supervisors. AR 214. They also opined, "No new and material evidence, therefore this RFC/MRFC reflects the ALJ/AC findings which have to be adopted per the Chavez AR." AR 214.

*Additional Reports and Records*

Plaintiff was evaluated at University Medical Center on February 14, 2006, for elbow and wrist pain, as well as hip and leg pain. AR 256. It was noted that Plaintiff was not compliant with her medication. AR 256.

An MRI of Plaintiff's lumbar spine was performed on July 14, 2006. AR 258. Desiccated discs were seen throughout the lumbar spine, however, there was no paravertebral soft tissue mass. The following was also noted :

> L1-2 Broad-based disc bulges results in mild central canal stenosis.
> L2-3 Broad-based disc bulges results in mild central canal stenosis.
> L3-4 Broad based disc bulge results in moderate canal stenosis.
> L4-5 Central disc protrusion was evident. This coupled with ligamentum facet hypertrophy and congenitally short pedicles results in moderate-to-severe central canal stenosis. Broad-base disc bulge present which results in mild central anal stenosis.
>
> IMPRESSION :
> Central disc protrusion is seen at the L4-5 level which results in moderate-to-severe central canal stenosis. AR 258.

On November 17, 2006, Plaintiff returned to University Medical Center to obtain the MRI results. AR 252. She was still complaining of low back pain radiating to her bilateral lower extremities. She reported tingling but no numbness. She had not been taking her medication for at least 6 months because she was unable to pay the co-pay. AR 252.

Plaintiff was seen again at University Medical Center on November 23, 2008, complaining of wrist pain and pain when she walks. It was noted that Plaintiff complained of chronic pain, but that she could not afford to pay for medications. AR 251.

On July 25, 2007, and August 10, 2007, Sequoia Community Health Centers progress notes indicate that Plaintiff was assessed as having peripheral neuropathy. AR 239, 247.

On May 23, 2008, Plaintiff returned to University Medical Center complaining of chronic leg pain, but she was not on medications because she "[couldn't] afford to pay." Plaintiff was advised that she needed to apply for MediCal. AR 251.

**ALJ Wojciechowski's Findings at 2008 Hearing**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 21. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 17, 2003. AR 17. Further, the ALJ identified lumbar degenerative disc disease as a severe impairment. AR 17. Nonetheless, the ALJ determined the severity of Plaintiff's impairment did not meet or exceed any of the listed impairments. AR 17.

Based on his review of the entire record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work which includes lifting twenty pounds occasionally and ten pounds frequently. He also found that Plaintiff could sit for up to six hours in an eight hour day. AR 19. Next, the ALJ determined that Plaintiff could perform her past work as it is generally performed at the light level of exertion. AR 21.

**ALJ Lyon's Findings at the 2003 Hearing**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 56. In relevant part, the ALJ determined that Plaintiff: 1) had the functional capacity to perform simple repetitive work at all exertional levels, 2) that she was an individual of advanced age with limited education, 3) that she was unable to perform any of her past relevant work, and 4) that she has no transferable skills to perform other work within her residual functional capacity. AR 56-57. The ALJ applied Medical-Vocational Rule 204.00, Appendix 2, Subpart P, Regulation 4 ("the grids"). Based on Plaintiff's age, education, and work experience, the ALJ found Plaintiff was not disabled. AR 57.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994). Here, Plaintiff argues that the case should be remanded for a calculation of benefits under two theories. The first theory is that Plaintiff is entitled to benefits because ALJ Wojciechowski failed to follow the principles outlined *Chavez v. Bowen*, 844 F. 2d 691 (9th Cir. 1988). Specifically, Plaintiff alleges that ALJ Wojciechowski did not consider findings made by ALJ Lyons in the first hearing that were res judicata. Had ALJ Wojciechowski done so, he would have been required to apply the grids which would render Plaintiff disabled under the Act. (Doc. 19 at 7).

Under the second theory, Plaintiff contends the ALJ improperly: 1) rejected the state agency psychiatrists' opinions, 2) failed to consider Plaintiff's severe and non-severe impairments in combination, 3) improperly rejected Plaintiff's testimony, and 4) improperly found Plaintiff could preform her past relevant work "as generally performed." When all of these factors are considered, the grids apply and Plaintiff is disabled. (Doc. 19 at 13).

Defendant concedes that the ALJ failed to properly apply the *Chavez* analysis, however, it argues an award of benefits is improper at this juncture. Defendant alleges the lack of a *Chavez* analysis is a procedural legal error which necessitates remand in order to conduct the requisite analysis. In particular, Defendant alleges that because the *Chavez* analysis is a fact-based comparison of prior findings with current medical and other evidence, it is beyond this Court's jurisdiction to make new factual findings and award benefits. (Doc. 20 at pgs. 4-6)**.**  In reply, Plaintiff argues that Defendant's position completely ignores the Ninth Circuit's holding in *Chavez*. Moreover, even without addressing the *Chavez* issues, the record establishes Plaintiff is disabled under the grids. (Doc. 21 at 3 - 8).

## **DISCUSSION**

In *Chavez v. Bowen,* 844 F. 2d at 693, the Ninth Circuit held that the principals of res judicata apply to administrative decisions. In order to overcome the presumption of continuing non-disability arising from a prior ALJ's finding, a plaintiff must prove "changed circumstances" indicating a greater disability. *Chavez v. Bowen*, 844 F.2d at 691. Moreover, an ALJ's previous findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information. *Chavez v. Bowen*, 844 F.2d at 694. A changed circumstance includes a change in the claimant's age category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability. Acquiescence Ruling 97-4(9).

In this case, although ALJ Wojciechowski mentions the prior proceedings held by Judge Lyons, he never discusses them in detail, nor is a *Chavez* analysis contained in his opinion. AR

15-22; 28. As conceded by the Commissioner, this is a an error. Despite this error, Defendant requests that the case be remanded so that the ALJ can conduct the appropriate *Chavez* analysis. However, a review of the facts indicates that a remand to conduct further proceedings is not appropriate for the following reasons.

First, the record is clear that there are changed circumstances rebutting the presumption of non-disability. For example, an MRI completed on July 14, 2006 (after Judge Lyon's decision) indicates that Plaintiff was diagnosed with lumbar degenerative disease. This change in the severity of Plaintiff's impairment is validated by ALJ Wojciechowski's finding that Plaintiff's lumbar degenerative disc disease is a severe impairment. AR 17. Moreover, Plaintiff was 61 years of age at the time of the second hearing and entered a new age category of "closely approaching retirement age." *See*, 20 CFR § 404.1563(e) (noting that special rules apply to individuals who are closely approaching retirement age (60 or older)). Thus, the presumption of non-disability is overcome.

Second, Plaintiff argues that during the first administrative hearing, ALJ Lyons found that Plaintiff "is unable to perform any of her past relevant work" and that she "has no transferable skills to perform other work within her RFC."[5] AR 56-57. As correctly argued by Plaintiff, since there was no new evidence presented at the second hearing regarding these two issues, these findings are res judicata and should have been adopted by ALJ Wojciechowski. This is relevant because although ALJ Wojciechowski found Plaintiff could not perform her past relevant work as performed, he also made a finding that Plaintiff could perform her past work at the light level of exertion.[6] Plaintiff asserts that ALJ Wojciechowski's light exertional limitation, coupled with ALJ Lyon's previous two findings, renders her disabled under the grids. (Doc. 19 at 7). The Court agrees with this analysis.

---

[5] ALJ Lyons however determined Plaintiff was not disabled under the grids because he also found Plaintiff could perform work at all exertional levels. AR 58.

[6] Once ALJ Wojciechowski determined Plaintiff could perform her past work as it is generally performed, he did not proceed to the step five of the disability analysis. Plaintiff argues this was an error. If it was determined that Plaintiff could not perform any of her past work, the ALJ would have proceeded to step five and determined that the grids render Plaintiff disabled under the Social Security Act.

The grids consider four factors and reduces these factors into yes/no conclusions. These four factors include an evaluation of an individual's residual functional capacity, age, education, and work experience. The grids then mandate a bright-line finding of disability or nondisabilty based on the combination of these four factors. *Chavez v. Bowen*, 844 F. 2d at 693; See also C.F.R. Pt 404, Subpt. P, App. 2. The grids dictate that when an individual of advanced age with limited educational abilities is restricted to light work, he/she is disabled under certain circumstances. The grids specifically address light work :

> (b) The functional capacity to perform a wide or full range of light work represents substantial work capability compatible with making a work adjustment to substantial numbers of unskilled jobs and, thus, generally provides sufficient occupational mobility even for severely impaired individuals *who are not of advanced age* and have sufficient educational competencies for unskilled work.
>
> (c) However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.
> 20 C.F.R.§ 404, Subpart P, Appendix 2, § 202.00.

Thus, the girds contemplate that an individual who can perform light work, who is not of advanced age, with no educational restrictions would be considered non-disabled under the Social Security Act. *Id*. Conversely, as represented in the graph of the Medi-vocational guidelines below, a person of advance age who is limited to light work who has no transferable skills and whose previous work experience is skilled or semiskilled is disabled :

| Rule | Age | Education | Previous Work Experience | Decision |
|---|---|---|---|---|
| 202.02 | .....do | .....do | Skilled or semiskilled—skills not transferable | Do. |

11

Given the above, the issue presented in this case is determining whether the grids render Plaintiff disabled. In order to do so, the res judicata effect of Judge Lyon's must be ascertained. Plaintiff contends that the findings in question are binding as there was no new evidence presented at the second hearing that Judge Lyons did not already consider during the first hearing. Since all the necessary findings are already in the record (i.e., Judge Lyon's findings that Plaintiff is unable to perform her past work and she does not possess transferable skills as well as Judge Wojciechowski's finding that Plaintiff is limited to light work), the case should not be remanded back to the ALJ for further consideration. Conversely, Defendant argues the case should be remanded so additional proceedings may be conducted. The Ninth Circuit has squarely addressed this issue :

> The Secretary argues that res judicata should not apply to the first judge's finding that the claimant was unable to perform his past work because the claimant's testimony presented "new and material evidence" to the second judge that the claimant's prior job did not require him to lift heavy objects. ... However, the Secretary failed to point to a record demonstrating that this "new" information had not been presented to the first administrative law judge. In the absence of such a record, the second administrative law judge could not reopen the prior determinations concerning the claimant's ability to perform his past work ...
> *Chavez v. Bowen*, 844 F. 2d at 694.

Similarly here, Defendant has not identified any new evidence that ALJ Lyons did not review when he made these particular findings. The Court has also reviewed the record and has determined that no new evidence exists. Furthermore, unlike *Chavez* where the case was remanded strictly for a determination of whether Plaintiff possessed transferable skills, ALJ Lyon's explicitly made this finding:

> The claimant has no transferable skills to perform other work within her residual functional capacity. AR at finding no. 11.

Finally, although ALJ Wojciechowski did not make an explicit finding regarding this issue, the ALJ expressly asked the VE if Plaintiff has "any transferable skills." Consistent with ALJ Lyon's finding, the VE testified, "not for outside or other types of work, no your honor." AR 41.

In summary, the record contains all of the necessary information to conclude Plaintiff is disabled pursuant to the grids. ALJ Lyons determined Plaintiff could not perform her past work and she does not possess transferable skills. AR 56-57. Plaintiff was sixty-one years of age at the time of the second hearing and she possesses an eighth grade education. AR 29  There is also no question that Plaintiff's prior work as performed was semiskilled.[7] Moreover, after referencing Dr. Damania's opinion and noting there was no conflicting evidence from a treating physician, ALJ Wojciechowski found Plaintiff is restricted to preforming light work.[8] AR 19. Given these facts, Plaintiff is disabled under the Social Security Act.

### *Reversal with Award of Benefits is Appropriate*

The decision whether to remand a matter pursuant to sentence four of Title 42 of the United States Code section 405(g) or to order immediate repayment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). When a court reverses an administrative agency determination, the proper course, except in rare instances, is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004), citing *INS v. Ventura*, 537 U.S. 12, 16 (2002). Generally, an award of benefits is directed only where no useful purpose would be served by further administrative proceedings or where the record is fully developed. *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir. 1988).

In this case, the Court finds the record is fully developed. Where the grids are applicable but were not reached in the ALJ's decision, and the record is sufficient to establish a claimant's exertional capacity, age, education, work experience, and skills, the court may enter a favorable

---

[7] ALJ Wojciechowski made this finding which is consistent with the VE's testimony. AR 21; 41.

[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R § 404.1567(b). These limitations are consistent with Dr. Damania's opinion. AR 183.

decision under the appropriate rule. *Velencia v. Heckler*, 751 F. 2d 1082, 1089 (9th Cir. 1985). Plaintiff has established that she meets the listing and no further inquiry is necessary." *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991).

Moreover, the Court notes that Plaintiff filed her applications for disability in November 2004. ALJ Wojciechowski issued his decision on August 7, 2008. On March 2010, the Appeals Council denied the request for review when it is clear from the record that legal error existed. Therefore, the Commissioner has had ample opportunity to address this issue. Moreover, other than asserting that remanding this case for further proceedings is appropriate, Defendant submitted no arguments to rebut any of Plaintiff's other arguments. Accordingly, it is clear that remanding the matter for a calculation of benefits is proper.

Finally, in light of the foregoing, there is no need for this Court to consider Plaintiff's remaining arguments. *See Byington v. Chater*, 76 F.3d 246, 250-51 (9th Cir. 1996) ("Because we find that the district court committed error and the decision of the ALJ is supported by substantial evidence, we do not consider the [] other arguments on appeal").

**RECOMMENDATIONS**

Based on the above, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, it is recommended that this case be REMANDED to the Commissioner of Social Security for a calculation of benefits only. Moreover, it is recommended that the Clerk of this Court be DIRECTED to enter judgment in favor of Plaintiff Margaret Lopez and against Defendant Michael J. Astrue, Commissioner of Social Security.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within ten (10) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


   IT IS SO ORDERED.

   Dated: __August 12, 2011__                   ____/s/ Gary S. Austin____
                                                UNITED STATES MAGISTRATE JUDGE