UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET LOPEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>            Defendant. | 1:10cv1012 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES<br><br>(Document 25) |

Plaintiff moves the Court to grant attorneys' fees of $11,956.84 under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA").[1] The Government objects to Plaintiff's fee request, contending that the requested fees are excessive and that the amount includes payment for duplicative services provided by two attorneys. Plaintiff argues that the amount requested is reasonable. Upon a review of the pleadings, the Court grants Plaintiff's application but reduces the amount awarded to $7,586.45.

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of benefits on June 1, 2010. (Doc. 1). On August 12, 2011, this Court issued Findings and Recommendations that determined the ALJ made a legal error in finding that Plaintiff was not disabled. As a result, the

---

[1] This amount includes the $11,053.89 which was the amount requested in the initial application and an additional $902.95 which was requested in the Reply.

Court recommended that the Commissioner's decision be reversed and that the case be remanded for payment of benefits. (Doc. 22). No party filed objections and an order adopting the Findings and Recommendations was issued by District Court Judge Oliver W. Wanger on August 31, 2011. (Doc. 23). The Court entered judgment in Plaintiff's favor on August 31, 2011. (Doc. 24). Plaintiff filed the instant application for attorney's fees pursuant to EAJA on November 29, 2011. (Doc. 25). Defendant filed an opposition on December 28, 2011. (Doc. 27). Plaintiff filed a Reply on January 27, 2012. (Doc. 31).

By this motion, Plaintiff seeks payment in attorneys' fees for 18.1 hours of attorney time worked by Ms. Sengthiene Bosavanh in the amount of $3,198.85. Plaintiff also seeks attorneys' fees for Ms. Bosavanh's associate, Mr. Ralph Wilborn, who worked 49.25 hours on this case for a total of $8,757.99.[2] Thus, the total amount of attorney time billed was 67.35 hours and the total amount of attorneys' fees requested is $11,956.84. Defendant has opposed the motion on the basis that the amount requested is excessive.

## DISCUSSION

28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[2]

28 U.S.C. § 2412(d)(1)(A).

A prevailing party under the EAJA is one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties. *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir.2002). Under the EAJA, attorneys' fees must be reasonable. 28 U.S.C. §

---

[2] This amount includes 42.75 hours for the merits portion of the case and 6.5 hours for the preparation of the EAJA application. The 6.5 hours for the preparation of the EAJA application includes 1.5 hours for the filing of the motion and 5.0 hours for the filing of the reply motion. Thus, the $8,757.99 includes Mr. Wilborn's initial request for $7,855.04 as part of the initial EAJA motion and his subsequent request for an additional $902.95 for the filing of the reply to the government's opposition to the EAJA motion.

[2] Defendant has not argued that its position was substantially justified so the Court will not address this issue.

2412(d)(1)(A); *Perez–Arellano*, 279 F.3d at 794. The amount of the fee must be determined based on the case's particular facts. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Court determines the fee based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, and must provide a concise and clear explanation of the reasons for its determination. *Id*. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S. 1035 (1990). The court has the obligation to exclude from the calculation any hours that were not reasonably expended on the litigation. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir.1999).

Plaintiff requests $175.06 per hour for work performed by counsel in 2010; $179.51 per hour for work performed in 2011; and $180.59 for work performed in 2012. These rates are the applicable statutory maximum hourly rates under EAJA for attorney work performed in those years, adjusted for increases in the cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39–1.6. These rates are unopposed. Accordingly, the Court does not find any basis to reduce the hourly rates requested. The issue in this case is whether the number of attorney hours expended were reasonable.

**A.    *Ms. Bosavanh's Time***

   *1.    Clerical Tasks*

Defendant objects to the almost three hours billed by Ms. Bosavanh as time spent on routine clerical tasks. In particular, it argues that the following billing is excessive : .1 hours reviewing court docket entry on 6/3/10; 0.2 hours reviewing court order granting IFP on 6/7/10; 0.1 hours reviewing clerk's notice on 6/8/10; 0.1 hours reviewing court documents on 6/8/10; 1.1 hours preparing service documents on 6/21/10; 0.2 hours reviewing summons on 6/21/10; 0.2 hours preparing the consent to magistrate on 6/21/10; 0.2 hours preparing time entry notes on 6/21/10; 0.1 hours reviewing defendant's consent to magistrate on 6/28/10; 0.1 hours reviewing the docket on 6/29/10; 0.2 hours on a phone call to the client on 7/2/10; 0.1 hours reviewing

3

return receipt on 7/14/10; and 0.1 hours reviewing return receipt on 7/16/10.  Defendant's argue that the billing is excessive for these tasks and should be limited to a total of .3 hours.  *See*, *Stairs v. Astrue*, 2011 WL 2946177 (E.D. Cal. No. 10-00132) (July 21, 2011) (Beck, D.).  The Court notes that .3 hours is an appropriate amount of time spent for these tasks.  While the Court appreciates that counsel needs to review the docket and this court's orders, the total amount billed is excessive when each amount it recorded as a discrete six-minute event.  *Downey v. Astrue*, 2001 WL 12505824, at * 12-13 (E.D. Cal. April 11, 2012) (No. 1:09-cv-812 SKO).  As noted by Judge Oberto, a practitioner who routinely practices in this district should be able to complete each of these tasks in a few minutes since the electronic docketing system provides counsel with email notices of docket activities with the necessary hyperlink directly to the document.  Moreover, many of these tasks could be completed by a paralegal.  Notwithstanding the above, Ms. Bosavanh also billed .2 hours to consult with her client on 7/2/10 which appears reasonable.  Therefore, the Court will award Ms. Bosavanh a total of .5 hours for tasks completed between 6/3/10 and 7/16/10.  This time includes .3 hours for case management duties in the beginning stages of the case, and .2 hours for consulting with her client during this time period.

        2.        *Duplicative Work*

        Defendant also argues the Court should reduce Attorney Bosavanh's request for 5.0 hours for reviewing Attorney Wilborn's work including: 1.2 hours reviewing Attorney Wilborn's Confidential Letter Brief on 11/4/10; 0.3 hours reviewing Defendant's offer of remand and corresponding with Attorney Wilborn on 12/13/10; 1.5 hours reviewing Mr. Wilborn's brief on 2/7/11; .6 hours reviewing and forwarding the Commissioner's opposition brief; and 1.4 hours reviewing Attorney Wilborn's reply brief on 3/19/11.  In doing so, Defendant argues that it should not be forced to pay increased fees simply because Ms. Bosavanh decided to employ another attorney.  The Court agrees.  Counsel fees should not be excessive or redundant, nor should it include unnecessary time that is attributable to the supervision or the correction of another attorney's work.  *Reyna v. Astrue,* 2011 WL 6100609, at *3 (E.D. Cal. Dec. 6, 2011) (09-cv-719 SMS) *citing*, *Hensley*, 461 U.S. at 434.  "An attorney submitting a fee request should exercise the same billing judgment that he or she would use in preparing a bill for submission to the client,

4

omitting ill-used or unnecessary time." *Id*. The Court notes however, that some review of Mr. Wilborn's briefs on Ms. Bosavanh's behalf is warranted as she is the attorney of record. Notwithstanding the above, she may not bill for services that are duplicative of his efforts. She has been advised of this on several other occasions. *See*, *Reyna v. Astrue*, 2011 WL 6100609, at *4; *Fontana v. Astrue*, 2011 WL 2946179 (E.D. Cal. July 21, 20011) (No. 1:10–cv–0932–DLB); *Stairs v. Astrue*, 2011 WL 2946177 at *2; *VonBerckefeldt v. Astrue*, 2011 WL 2746290 (E.D. Cal. July 14, 2011) (No. 1:09–cv–01927–DLB); *Roberts v. Astrue*, 2011 WL 2746715 (E.D. Cal. July 13, 2011) (No. 1:09–cv–01581–DLB). Moreover, the Court notes that the amount of Ms. Bosavanh's review should be minimal as Mr. Wilborn has several more years of experience than Ms. Bosavanh and was a former administrative law judge. The Court will award 1.0 hour for reviewing the confidential letter briefs, and the other briefs prepared and filed by Mr. Wilborn.

The Court also notes that Ms. Bosavanh billed 1.3 hours for reviewing the contents of the administrative record for completeness on 10/07/10. She also spent and additional 1.2 hours reviewing the file and confidential letter brief on 11/4/10. This is excessive file review as Mr. Wilborn also completed these tasks. As such, Ms. Bosavanh will not be reimbursed for this time.

Finally, Defendant objects to Ms. Bosavanh's time entry on November 21, 2011, when she spent 1.5 hours preparing EAJA fee time documents. Defendant characterizes the time as excessive and requests that the time be reduced to .5. Preparing an itemized time sheet for an EAJA fee motion is not a clerical task as counsel must review the time records to make sure the time is properly billed to the client, ensure that time billed is accurate, and redact any privileged information. *See Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009) (allowing 2.75 hours reviewing time records and logs to prepare a billing sheet in support of an EAJA motion). However, as noted by Judge Beck, a review of several of the other requests for attorney's fees filed by Plaintiff's counsel contains several similarities. *Stairs v. Astrue*, 20011 WL 2946177, at *3. She will therefore be allowed .5 hours for this task which is reasonable and consistent with other awards in this district. *Id*.; *Downy v. Astrue,* 2011 WL 1205824 at *14.

///

///

*3. Other Reductions*

Finally, in addition to the above, the Court notes that Ms. Bosavanh billed 1.4 hours for preparation of the complaint, the civil cover sheet, the IFP application, and proposed orders to the Court. This amount is excessive given that the complaint was a 2 ½ page largely boilerplate document, the IFP submitted was handwritten, and the civil cover sheet is a one page document that consists of checking two boxes and providing the attorney's name and address and the county of residence of the Plaintiff. (Docs. 1-3 ). The Court will award .5 for these tasks.

Given the above, Ms. Bosavanh should be paid fees for the hours and at the rates listed below :

| Date | Description of Services | Time |
|---|---|---|
| 4/21/10 | Review ALJ decision, AC denial, and case notes from federal court | 1.5 |
| 4/22/10 | Teleconference with client | 0.2 |
| 5/2/10 | Conference with in-house attorney re: merits of case | 0.4 |
| 6/1/10 | Meeting with client re: appeal | 1.0 |
| 6/1/10 | Prepare complaint, civil cover sheet, IFP application and documents | .5 |
| 6/03/10-10/16/10 | Review court docket for IFP docs and other orders, prepare documents for service and returns, prepare consent forms, review notice of lodging of transcript, teleconference w/ client | .5 |
| 10/21/10 | Prepare and review court agreement and power of attorney | 0.2 |
| 10/25/10 | Teleconference w/ client re: docs | 0.2 |
| 11/8/10 | Teleconference w/ client re: status | 0.1 |
| 12/8/10 - 12/9/10 | Receive and review EOT request | 0.3 |
| 11/4/10, 12/13/10, 02/07/11, 03/09/11, 03/19/11 | Review file and letter brief; review remand offer, and briefs of Mr. Wilborn and opposing counsel | 1.0 (this will be reimbursed at 2011 rate since most service was delivered in 2011) |

6

| | | |
|---|---|---|
| 12/13/10, 1/10/10 | Communicate w/ OGC re: remand offer & review letter brief offer | 0.2 |
| 01/05/11, 03/09/11, 4/22/11, 5/27/11, 6/23/11, 8/11/11, 8/31/11 | Teleconference w/client re: case status | 1.2 |
| 08/12/11; 08/31/11 | Receive and review F & R and order adopting | .3 |
| 11/21/11 | Review Docket and notes; prepare time documents | .5 |
| | Total hours | 8.1 |

As a result of the above, the recommended amounts to be awarded to Ms. Bosavanh are as follows :

| Total Hours | Rate Applied | Total Amount |
|---|---|---|
| 5.1 | 2010 ($ 175.06) | $892.81 (5.1 x 175.06) |
| 3.0 | 2011 ($179.51) | $538.53 (3.0 x $179.51) |
| **8.1** | -------------- | **$1,431.34** |

**B.** *Mr. Wilborn's Time*

*1. The Opening Brief*

Defendant objects to amount of time Mr. Wilborn spent preparing the confidential letter brief and the opening brief. In particular, Defendant argues that spending 24 hours on an opening brief after spending 8.5 hours preparing an confidential letter brief is excessive. In reply, Plaintiff argues that there are differences between the informal nature of the confidential letter brief and the filing of an opening brief. Moreover, the fact that the confidential letter brief did not result in a favorable result suggested that more time was needed on the opening brief. Lastly, nearly three months had past between drafting the confidential letter brief and the filing of the opening brief which required that Mr. Wilborn refamiliarize himself with the file and the issues.

Although the Court recognizes that Mr. Wilborn needed to reacquaint himself with the record between drafting of the confidential letter brief and preparing the opening brief, it appears that the amount of time billed for reviewing the file and the issues was excessive. For example,

7

on November 3, 2010, Mr. Wilborn spent 7.5 hours reviewing the record, analyzing the ALJ's decision and drafting the confidential letter brief. The Court notes that it is unclear from the billing entries how much time was spent specifically on each task because Mr. Wilborn's entries are recorded in a block billing style. However, on February 1, 2011, Mr. Wilborn spent 8.5 hours completing the same review and drafting the statement of facts in the case. On February 2, 2011, Mr. Wilborn spent an additional 8 hours completing research and partially drafting the opening brief. He also spent an additional 7.5 hours between February 3 and February 4, 2011, drafting and finalizing Plaintiff's brief. The Court recognizes the need for Mr. Wilborn to refamiliarize himself with the issues in the case after submitting the confidential letter brief, but 24.5 hours spent on completing the opening brief after completing the confidential letter brief is excessive. In the opening brief, Mr. Wilborn presented a twenty-five page brief (excluding the table of contents) that presented five issues for the Court's consideration which entailed analyzing two ALJ's decisions. However, it appears that Mr. Wilborn could complete this brief in 11.5 hours after spending 8.5 on the confidential letter brief. Thus, Mr. Wilborn will be awarded a total of 20.0 hours to complete the confidential letter brief and the opening brief. This amount is commensurate with an amount awarded by Judge Beck in another case. *See, VonBerckefeldt v. Astrue*, 2011 WL 2746290, at *6 (19 hours awarded for preparation of the confidential letter brief and the opening brief presenting five issues).

    2.    *Reply Brief*

Next, Defendant contends that the 8.5 hours spent by Mr. Wilborn on the Reply Brief was high. The Court notes that the Defendant's Opposition consisted of three pages of argument. In Reply, Mr. Wilborn's argument was thirteen pages. A review of Plaintiff's response reveals that much of the information presented in the Reply was redundant and unnecessary. Accordingly, the Court will reduce this amount by two hours for a total of 6.5 hours.

    3.    *EAJA Motion*

Finally, Defendant objects to the 1.5 hours spent by Mr. Wilborn in preparation of the EAJA settlement letter, EAJA fee petition and his itemized time declaration. As the Court explained above, repeated rulings on Plaintiff's attorneys petitions have revealed the similar

nature of their EAJA petitions and billing statements.  However, Plaintiff is entitled to compensation for these tasks.  *See Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009).  The Court will allow the 1.5 hours requested as it includes preparing the billing statement and the preparation of the EAJA application.  Defendant also requested a reduction in any supplemental hours Plaintiff requests in response to the opposition.  Here, Mr. Wilborn indicated that he spent seven hours on the reply to the attorney request but has only billed five hours.  This amount is reasonable given the issues presented here.  Mr. Wilborn will be reimbursed for a total of 6.5 hours for the preparation of his billing sheets, the preparation of the EAJA application and for the related Reply.

Mr. Wilborn is therefore entitled to compensation for a total of 34.50 hours for his work in this case as follows :

| Date | Description of Services | Hours |
|---|---|---|
| 6/01/10 | Review and analyze ALJ decision and merits. Draft memo to file re: merits of appeal and recommendation | .75 |
| 11/03/10 | Review and analyze ALJ decision and 259 pages of administrative record. Research and draft confidential letter brief and remand offer | 7.50 |
| 11/04/10 | Make final revisions to confidential letter brief | 1.00 |
| 12/13/10 | Review proposed offer to remand for de novo proceedings. Re-read confidential letter brief. Draft e-mail to attorney Bosavanh recommending declination of remand offer. Proposed counter-offer. | .50 |
| 2/1/11 - 2/4/11 | Re-read confidential letter brief. Re-read ALJ decision and compare to ALJ Lyon's decision. Read and analyze the administrative record and draft statement of facts. Research issues presented in case. Complete and finalize opening brief | 11.50 |
| 3/17/11 - 3/18/11 | Re-read the ALJ decision and Plaintiff's opening brief. Read and analyze Defendant's brief. Prepare Reply brief. | 6.50 |
| 8/12/11 | Review Findings and Recommendations. Email Attorney Bosavanh recommending against filing objections | .25 |
| 11/15/11 | Review the file to ascertain billing entries. Prepare and file EAJA application. | 1.5 |
| 1/23/12 | Review Defendant's Opposition to attorney fees request and draft reply | 5.00 |

| Total | | 34.50 |
|---|---|---|

In accordance with the above, Mr. Wilborn will be compensated at the following rates :

| Total Hours | Rate Applied | Total Amount |
|---|---|---|
| 9.75 | 2010 ($ 175.06) | $ 1,706.84 (9.75 x $175.06) |
| 19.75 | 2011 ($179.51) | $ 3,545.32 (26.75 x $179.51) |
| 5.00 | 2012 ($180.59) | $   902.95 (5.00 x $180.59) |
| **34.50** | ------------ | **$ 6,155.11** |

## RECOMMMENDATIONS

Based on the foregoing, it is recommended that Plaintiff's application be GRANTED IN PART. Plaintiff's counsel are entitled to an award in the total amount of $7,586.45 to be broken down as follows:

Ms. Bosavanh: 8.1 hours for total amount of $1,431.34.

Mr. Wilborn: 34.50 hours for a total amount of $6,155.11.

This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen **(15)** days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

2  Dated:  **June 6, 2012**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE