# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET LOPEZ, | Case No. 1:10-cv-1012-AWI-GSA |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING ATTORNEY'S FEES |
| CAROLYN W. COLVIN,[1] COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. 35 ) |

## I.    INTRODUCTION

On November 26, 2013, counsel for Plaintiff, Sengthiene Bosavanh, Esq., filed a motion for an award of attorney fees on behalf of herself and Ralph Wilborn pursuant to 42 U.S.C. § 406(b). (Doc. 35.)  Plaintiff Margaret Lopez ("Plaintiff") and Defendant were each served with the motion.  The motion served on Plaintiff provided that any objections must be filed with the Court within fourteen days. (Doc. 25, pg. 2).  The Commissioner was also advised that any opposition to the motion must be filed no later than December 27, 2013. (Doc. 36). In keeping

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

1

with the role resembling that of a trustee for Plaintiff in this context, on December 16, 2013, the Commissioner filed a response to Ms. Bosavanh's motion, but did not oppose the motion. (Doc. 37). *See generally Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n. 6 (2002). Plaintiff did not file a reply.  For the reasons set forth below, the Court RECOMMENDS that Ms. Bosavanh's motion for attorney fees be GRANTED IN PART.

**II.    BACKGROUND**

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.)  On August 31, 2011, District Court Judge Oliver Wanger adopted this Court's Findings and Recommendations granting Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and remanding the case to the Commissioner of Social Security for a calculation of benefits only.  (Docs 22 and 23).

On November, 28, 2011, Plaintiff filed a motion for an award of Equal Access to Justice Act ("EAJA") fees, which was opposed by the Commissioner. (Doc. 25, 27, 31).  On July 23, 2011, District Court Judge Anthony Ishii adopted this Court's Findings and Recommendations and Plaintiff was awarded EAJA fees in the amount of $7,586.45.[2] (Doc. 34.)

Ms. Bosavanh now seeks an award of attorney fees in the amount of $8,625.75 pursuant to section 406(b). Ms. Bosavanh filed evidence in support of the motion indicating that on September 30, 2013, the Commissioner issued a notice that retroactive disability benefits were awarded to Plaintiff totaling $34,053.00. (Doc. 35-2). It is Ms. Bosavanh's Section 406(b) motion for attorney fees that is currently pending before the Court.

///

---

[2] District Court Judge Ishii issued the order regarding EAJA fees after the case was reassigned to him following the retirement of District Court Judge Oliver Wanger.

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue,* 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht v. Barnhart,* 535 U.S. at 789, 802. The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.,* 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht,* 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht,* 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht,* 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).

3

"Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford,* 586 F.3d at 1148 (quoting *Gisbrecht,* 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht,* 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of "25% of the past-due benefits resulting from [Plaintiff's] claim or claims." (Doc. 35-1.) The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. Through contested motion, Plaintiff's counsel was found to have reasonably expended a total of 42.60 hours litigating Plaintiff's case.[3] (*See* Doc. 33, pg. 10 and Doc. 34, pg. 2). There is no indication that a reduction of the award is warranted due to any substandard

---

[3] The Court notes that in the instant motion, Ms. Bosavanh represents that 67.1 hours of attorney hours were expended in this case despite the fact that this Court previously found those hours to be excessive and reimbursed Plaintiff's counsel only for 42.60 hours. (Doc. 35, pgs. 1 and 7).

4

performance by counsel in this matter.  Both counsel were experienced attorneys who secured a successful result for Plaintiff. There is also no evidence that the attorneys engaged in any dilatory conduct resulting in excessive delay.

Notwithstanding the above, counsel's request of $8,625.75 exceeds 25% of the $34,053.00 past-due benefits.  The amount Plaintiff's attorneys are entitled to equals $8,513.25 ($34,053.00 x .25 = $8,513.25).  Therefore, Plaintiff's request will be reduced accordingly. The $8,513.25 amounts represents 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. *See generally Taylor v. Astrue,* No. 1:06–cv–00957–SMS, 2011 WL 836740, at *2 (E.D.Cal. Mar.4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue,* No. 1:09–cv–00490–LJO–DLB, 2011 WL 587096, at *2 (E.D.Cal. Feb.9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan–Laracuente v. Astrue,* No. 1:07–cv–00983–SMS, 2010 WL 4689519, at *2 (E.D.Cal. Nov.10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.' " (quoting *Gisbrecht,* 535 U.S. at 807)). Further, counsel has submitted billing statements in support of the requested fee, which were the subject of fairly extensive EAJA litigation and were thoroughly reviewed by the Court.

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796. Plaintiff's counsel has already been awarded $7,586.45 in fees pursuant to the EAJA, and thus any Section 406(b) fees awarded must be offset by $7,586.45 and that amount must be refunded to Plaintiff.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, the Court concludes that the fees sought by Mr. Bosavanh pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) be granted in part and reduced as outlined above. Plaintiff's counsel request for fees should be limited to $8,513.25.

2. Plaintiff's counsel be ordered to refund to Plaintiff $7,586.45 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d);

3. The Clerk of the Court is directed to serve these Findings and Recommendations on Margaret Lopez at 3522 North Maroa Ave., Fresno, California 93704.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1) (B). Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **January 30, 2014**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE